ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: 408-641-9966
Fax: 408-866-7334
Emails: farsadlaw1@gmail.com; nancy@farsadlaw.com

Attorneys for Debtor / debtor-in-possession

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

In re:

MIRAFLORES COMMUNITY DEVCO, LLC,

Debtor / debtor-in-possession.

Case No.: 23-41241 CN
Chapter 11

**DISCLOSURE STATEMENT TO PLAN OF REORGANIZATION DATED DECEMBER 16, 2023**

Date: February 2, 2024
Time: 11:00 a.m.
Place: **U.S. Courthouse, 1300 CLAY STREET, 2ND FLOOR, OAKLAND CA 94612 (COURTROOM 215)

**Hearing to be conducted in person in the courtroom but Counsel / interested parties may appear by Zoom and instructions on doing so are provided below

**Judge: Honorable Charles Novack**

**Judge: Hon. CHARLES NOVACK**

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 1 of 47

Table of Contents

I. INTRODUCTION ........................................................................................................3
A. Purpose of This Document
B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing
C. Disclaimer

II. BACKGROUND ....................................................................................................... 5
I.
A. Description and History of the Debtor's Business
B. Management of Debtor and Description of Insiders
C. Events Leading to Chapter 11 Filing
D. Significant Events During the Bankruptcy Case
E. Projected Recovery of Avoidable Transfers
F. Claims Objections
G. Current and Historical Financial Conditions

II. SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS ........................................................................8
A. What is the Purpose of the Plan of Reorganization?
B. Unclassified Claims
1. Administrative Expenses
2. Priority Tax Claims Under Section 507(a)(8)
3. Priority Unsecured Claims (Sections other than 507(a)(8))
C. Classes of **<u>IMPAIRED</u>** Claims and Equity Interests
1. Classes of Secured Claims / CLASS 1
2. Class of General Unsecured Claims
3. Class of Equity Interest Holders
D. Means of Implementing the Plan
1. Source of Payments
2. Post-confirmation Management
E. Risk Factors and Default Provisions
F. Executory Contracts and Unexpired Leases
G. Tax Consequences of Plan

III. CONFIRMATION REQUIREMENTS AND PROCEDURES ...........................16
A. Who May Vote or Object
1. What Is an Allowed Claim or an Allowed Equity Interest?
2. What Is an Impaired Claim or Impaired Equity Interest?
3. Those ***<u>Not</u>*** Entitled to Vote
4. Who Can Vote in More Than One Class
B. Votes Necessary to Confirm the Plan
1. Votes Necessary for a Class to Accept the Plan
2. Treatment of Nonaccepting Classes

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 2 of 47

   C. Liquidation Analysis
D. Feasibility
1. Ability to Initially Fund Plan
2. Ability to Make Future Plan Payments and Operate Without Further Reorganization

IV. EFFECT OF CONFIRMATION OF PLAN ……………………………………………..20
A. DISCHARGE OF DEBTOR
B. Modification of Plan
C. Final Decree

V. OTHER PLAN PROVISIONS ……………………………………………...……. 20

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 3 of 47

I. INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the Chapter 11 case of Miraflores Community Devco, LLC (the "Debtor"). This Disclosure Statement contains information about the Debtor and describes the Plan of Reorganization (the "Plan") filed by Debtor. A full copy of the Plan is attached to this Disclosure Statement as **Exhibit A.** Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

The proposed distributions under the Plan are discussed at pages 7 through 14 of this Disclosure Statement. **General unsecured creditors are identified in Class 2, and will receive a distribution of 100 percent of their allowed claims in one (1) payment made at the close of either a refinance or upon the sale of the Property.**[1]

**A. Purpose of This Document**

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case,
- How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed),
- Who can vote on or object to the Plan,
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
- Why the Proponent believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
- The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

B. **Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

1. *Hearing to Approve This Disclosure Statement*

---

[1] The Property's description is "NEC & SWC Florida Avenue and South 47th Street Richmond, California 94804 APN's: 513-321-012, 513-321-013, 513-322-023, 513-322-024, 513-322-025, 513-322-037 & 513-322-038".

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 4 of 47

The hearing at which the Court will determine whether to approve this Disclosure Statement will take place on **<u>February 2, 2024, at 11:00 a.m., in Courtroom 215, at the United States Bankruptcy Court, 1300 Clay Street, Courtroom 215. Oakland, CA 94612. (You can appear in person or via Zoom Tele Conference. Please refer to the Notice of Hearing for more information on how to arrange your appearance.)</u>**

2. *Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to Farsad Law Office, P.C., 1625 The Alameda, Suite 525, San Jose, CA 95126. See section IV.A., below, for a discussion of voting eligibility requirements.

Your ballot must be received by [TBD] or it will not be counted.

3. *Deadline for Objecting to Confirmation of the Plan*

Objections to Confirmation of the Plan must be filed with the Court and served upon Debtor and Debtor's counsel by [TBD].

4. *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Debtor's counsel, Farsad Law Office, P.C., (attorneys Nancy Weng or Arasto Farsad), 1625 The Alameda, Suite 525, San Jose, CA 95126.

**C. Disclaimer**

This Disclosure Statement, if approved, does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted.

## II. BACKGROUND

### A. Description and History of the Debtor's Business

On September 27, 2023, the Debtor filed this Chapter 11 as a Single Asset Real Estate case. The Debtor started a housing project in 2014 on 8.2 acres in Richmond ("Property"). It was a former Japanese nursery. The expense for cleaning up the property was approximately $2,000,000.

In 2018, the City passed a general plan amendment / planning approval to allow the Debtor to build 22 buildings with 192 total units. From then until now, the Debtor has been

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 5 of 47

attempting to obtain funding to develop the Property. However, due to the pandemic affecting large construction lending, it was unable to secure the financing needed to complete the approved project. Other smaller issues plagued the venture as well -- such as the project needing to being changed from condominiums to apartments due to deep layer soil problems. With COVID-19 behind us, and with current lenders (as of October 2023) favorably looking at the project with the intent to lend as the profit margin is still very high, the Debtor just needs to time to secure financing and complete it as intended.

The Debtor proposes a six-month, consensual refinance or "sale plan". The refinance option is preferred with the "worst case scenario" being a sale to save the equity in the Property.

The Debtor (and all its members) are working hard to lock in a lender to finish this project to pay off all current debt. Regarding debt and the Property's value, the Debtor's primary lender (Artes Capital) is owed roughly $8 million and the property's value "as-is", in the Debtor's opinion, is worth no less than $20 million.

With COVID-19 behind us, and with current lenders favorably looking at the project with the intent to lend as the profit margin is still very high, the Debtor just needs time (the reason for filing the case) to secure financing and complete it as intended. This is fairly typical Chapter 11 reorganization "plan" these days / in this current market that we are in.

**B. Management of Debtor and Description of Insiders**

Ronald Scott Hanks, is a current Member of the LLC, and was appointed as the responsible individual for Debtor. He has managed the Debtor's estate since the filing of the Chapter 11 Petition. The owners / insiders of the Debtors are their respective interests are:

a. Michael Luu, 15%
b. Ronald Scott Hanks, 27.5%
c. Jae Ryu, 27.5%
d. Bay Van Nguyen, 15%
e. Johnny Ngo Lam, 15%

**C. Events Leading to Chapter 11 Filing**

The primary lienholder (Artes Capital) sought to non-judicially foreclose on the Property and the subject case was filed to stop the attempted foreclosure.

**D. Significant Events during the Bankruptcy Case**

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 6 of 47

1. Debtor filed a motion to employ its general bankruptcy counsel on November 12, 2023 (Dkt No. 50) and the Honorable Court granted the motion on November 28, 2023 (Dkt No. 59).

2. An order designating Ronald Scott Hanks as the responsible individual was entered on October 30, 2023 (Dkt No. 38).

3. The Debtor does not anticipate any Motions to Value at this time as it is believed that the Property has significant equity above the liens / debts owed. Also, depending on whether a refinance or sale occurs, the Debtor plans to higher appropriate professionals via standard motion (e.g., broker and accountant) as needed as well as a Motion to Authorize Sale on 28-days' notice to all creditors if a sale is the determined route.

4. The claims bar date runs on January 29, 2024 (standard claims) and as of today's date, the only claims filed thus far are:

   a) FTB, claim # 2 for $6632.74
      i. Unsecured priority portion: $3,436.85
      ii. Unsecured general portion: $3,195.89
   b) IRS, claim # 1 for $700.00 (unsecured "estimate")

5. The Debtor was able to obtain hazard insurance for the Property-which was difficult to accomplish due to the current condition of the Property. Debtor also recently filed all missing tax returns (and provided copies to the Office of the US Trustee).

**E. Projected Recovery of Avoidable Transfers**

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions at this time.

**F. Claim Objections**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article V of the Plan.

**G. Current and Historical Financial Conditions**

The identity and fair market value of the estate's assets are as follows: The Property's description is "NEC & SWC Florida Avenue and South 47th Street Richmond, California 94804 APN's: 513-321-012, 513-321-013, 513-322-023, 513-322-024, 513-322-025, 513-322-037 &

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 7 of 47

513-322-038". In Debtor's opinion, the value of property as-is (no conditions) is no less than $20M.

The Debtor's monthly operating reports are timely but there is NO INCOME. The case has been funded by investor / member Michael Luu thus far.

## III. SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A. What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

### B. Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has not placed the following claims in any class:

#### 1. Administrative Expenses

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under § 507(a) (2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| TYPE | ESTIMATED AMOUNT OWED | PROPOSED TREATMENT |
|---|---|---|
| Attorneys' Fees estimated to be approved by the Court (Note: the Firm is holding $20,000.00 in its operational account and will seek to have these funds paid to them post an application for fees and a | $30,000.00 | Payment in full after a Court order for fees / costs only is approved |

| | | |
|---|---|---|
| Court order) | | |
| United States Trustee | $650.00 or based on distributions | Payment in full of the amount(s) on the Plan's Effective Date. |
| Realtor / Broker (if sale occurs / necessary) | Based on a Court approved listing agreement | Only will be paid after Court approval of compensation after a formal application is filed / heard |
| CPA / Accountant (if sale occurs / necessary) | Based on Court approved contract | Only will be paid after Court approval of compensation after a formal application is filed / heard |
| TOTAL | $30,650.00 | |

2. **Priority Tax Claims Under Section 507(a)(8)**

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief. The following chart lists the Debtor's estimated § 507(a) (8) priority tax claims and their proposed treatment under the Plan:

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br><br>**(POC # 1)** | NONE | N/A | N/A | N/A |
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION<br>MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812<br><br>**(POC # 2)** | $3,436.85 | 7% | $3,436.85 | 1 |
| TOTAL(S) | $3,436.85 | 7% | $3,436.85 | 1 |

3. **Priority Unsecured Claims (Sections other than 507(a)(8))**

Certain priority claims that are referred to in §§ 507(a) (1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 9 of 47

The following chart lists all classes containing claims under §§ 507(a) (1), (4), (5), (6), and (a) (7) of the Code and their proposed treatment under the Plan: **NONE YET.**

C. **Classes of IMPAIRED Claims and Equity Interests**

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

**1. Classes of Secured Claims / Class 1**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

**Property to be Sold.**

| Class | Name of Creditor | Collateral | Value of Collateral | Monthly Payment |
|---|---|---|---|---|
| 1A | ARTES CAPITAL<br>2829 Townsgate Road, Suite 100<br>Westlake Village, CA 91361<br><br>(1ST LIEN)<br>(No POC yet)<br>**(Balance: ~$7,464,149.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
| 1B | GF Capital<br>2922 Daimler Street<br>Santa Ana, CA 92705<br><br>(2ND LIEN)<br>(No POC yet)<br>**(Balance: ~$1,500,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 10 of 47

| | | | | |
|---|---|---|---|---|
| 1C | TOM HE<br>2051 Junction Avenue, Suite 237<br>San Jose, CA 95131<br><br>(3RD LIEN)<br>(No POC yet)<br>**(Balance: ~$1,000,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
| 1D | Contra Costa County Assessors Office<br>P.O. Box 631<br>Fairfield, CA 94533<br><br>(Property Taxes)<br>(No POC yet)<br>**(Balance: ~$194,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
| 1E | City of Richmond<br>401 27th Street<br>Richmond, CA 94804<br><br>(Code violations)<br>(No POC yet)<br>**(Balance: ~$15,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
| TOTAL(S) | **$10,173,149.00** | | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |

Debtor will refinance **or** sell the above collateral by **June 1, 2024**, paying the above secured creditors from the proceeds of the sale. **Debtor will file a motion for approval of any such sale on 28 days' notice to lien holders unless the Plan is confirmed prior to the sale. In that case, the Debtor will provide the title company handling the transaction a copy of the Plan and the confirmation order to allow the transaction to close without a Motion.**

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan. **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

**2. Class of General Unsecured Claims / Class 2**

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 11 of 47

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The following chart identifies the Plan's proposed treatment of Class 8 which contains general unsecured claims against the Debtor:

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Baumgardner Holdings, Ltd. 4517 Colbath Avenue, Unit 8 Sherman Oaks, CA 91423<br><br>(Artes Loan Broker Fee) | $137,000.00 | N | $137,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Berlogar Stevens & Associates 1220 Quarry Lane, Suite C Pleasanton, CA 94566<br><br>(Consulting Fees) | $4,130.00 | N | $4,130.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Carlson Barbee & Gibson 2633 Camino Ramon, Suite 350 San Ramon, CA 94583<br><br>(Project Engineering) | $118,594.00 | N | $118,594.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| DC Contruction, Inc. 1068 44th Avenue Oakland, CA 94601<br><br>(Pre Construction Estimate) | $37,229.00 | N | $37,229.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Gouvis Engineering Consulting Group, Inc 15 Studebaker Irvine, CA 92618<br><br>(Consulting Fees) | $18,300.00 | N | $18,300.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| IDS Engineering 6280 W. Las Positas Blvd. Pleasanton, CA 94588<br><br>(Structural Engineering) | $74,087.00 | N | $74,087.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Kenneth Alan Kramer, Esq. 2067 Oak Creek Place Hayward, CA 94541<br><br>(BRE / DRE Attorney Fees) | $3,250.00 | N | $3,250.00 | $0.00 (to be paid in full upon refi or sale of Property) |

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 12 of 47

| | | | | |
|---|---|---|---|---|
| PES Environmental 7665 Redwood Blvd.<br>Novato, CA 94945<br><br>(Engineering Fees) | $2,544.00 | N | $2,544.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Queensland Builders<br>1510 Fashion Island Blvd., Suite 201<br>San Mateo, CA 94404<br><br>(Entitlement Loan) | $1,200,000.00 | N | $1,200,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Rong Chang USA Corporation 2050 Concourse Drive, Suite 50 San Jose, CA 95131<br><br>(Consulting Fees) | $300,000.00 | N | $300,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| RV Stitch<br>769 S. 13th Street Richmond, CA 94804<br><br>(Contractor Fees) | $10,162.00 | N | $10,162.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| SDC, Inc.<br>111 Gate Tree Court<br>Danville, CA 94526<br><br>(Entitlement Consultant) | $459,795.00 | N | $459,795.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Tom He & Group<br>2051 Junction Avenue, Suite 237 San Jose, CA 95131<br><br>(Business Loan) | $5,000,000.00 | N | $5,000,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Vallier Design Associates<br>210 Washington Avenue, G Point Richmond, CA 94801 | $33,045.00 | N | $33,045.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION<br>MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812<br><br>**(POC # 2)** | $3,195.89 | N | $3,195.89 | $0.00 (to be paid in full upon refi or sale of Property) |

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 13 of 47

| IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br><br>**(POC # 1)** | $700.00 | N | $700.00 | $0.00 (to be paid in full upon refi or sale of Property) |
|---|---|---|---|---|
| **TOTAL(S)** | $7,402,031.89 | N | $7,402,031.89 | $0.00 (to be paid in full upon refi or sale of Property) |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Percent Plan.** Creditors will receive **100 percent of their allowed claims in one (1) payment made at the close of escrow of either a refinance or sale of the Property.**

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan. **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**3. Class of Equity Interest Holders**

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder. The following chart sets forth the Plan's proposed treatment of the class of equity interest holders:

**The current Equity Interest Holders:**

a. Michael Luu, 15%
b. Ronald Scott Hanks, 27.5%
c. Jae Ryu, 27.5%
d. Bay Van Nguyen, 15%
e. Johnny Ngo Lam, 15%

| Class Number | Description | Impairment | Treatment |
|---|---|---|---|
| 3 | All the above named EIH's, with their respective ownership interested as listed by percentages | Unimpaired | Pursuant to the agreement between the parties, but a likely split of the net equity after a sale / project completion |

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 14 of 47

### D. Means of Implementing the Plan

*1. Source of Payments*

Payments and distributions under the Plan will be funded by the following: The refinance or sale of the Property[2].

*2. Post-Confirmation Management*

The Post-Confirmation Manager(s) of the Debtor, and their compensation, shall be as follows:

| Name | Affiliations | Insider (yes or no)? | Position | Compensation |
|---|---|---|---|---|
| SCOTT HANKS | Member | Yes | Manager | None |

### E. Risk Factors and Default Provisions

The Property is worth $20,000,000.00 "as-is" if not more. There is an adequate cushion for the secured creditors with a total of approximately **$10,173,149.00** in debt as listed above. There is enough equity to pay off all the general unsecured (and small tax debt) as well. The Debtor and its members however, would prefer a refinance or buyout to pay off all debts and start fresh to finish this project. This will net them significantly more in profit than a sale as-is which would eliminate all debt but leave them with a small amount of profit to split for all of their efforts to date.

Upon Debtor's default in making any payments required by the Plan of Reorganization (by failing to refinance or sell by June 1, 2024 to pay off the debts owed per the Plan), said Creditors shall have their state law remedies restored re: collection activity / seeking relief.

### F. Executory Contracts and Unexpired Leases

The Plan, filed concurrently herewith, lists all executory contracts and unexpired leases that the Debtor will assume under the Plan. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure

[2] As discussed above, the Debtor's owner (Erlinda Felizardo) may opt to pay off the debts owed if the Property does not sell for a reasonable amount / list or above. Said payoff would also occur on or before June 1, 2024.

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 15 of 47

defaults of the type that must be cured under the Code, if any. The Plan also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed on the Plan will be rejected. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

### G. Tax Consequences of Plan

**Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.**

The following are the anticipated tax consequences of the Plan:

(1) Debtor proposes to pay all priority tax claims in full upon the sale of the Property as will be assessed by an employed CPA / accountant.

(2) Creditors should consult with a tax professional to determine the general tax consequences of any discharge and/or the receipt of Plan consideration (i.e., payment of their claims) after the Plan's confirmation.

## IV. CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that:

a. the Plan must be proposed in good faith;
b. at least one impaired class of claims must accept the plan, without counting votes of insiders;
c. the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and
d. the Plan must be feasible.

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 16 of 47

**These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.**

**A. Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that **Classes 1 AND 2** are impaired (as stated above) and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent has noted which classes or creditors he believes are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

*1. What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

***The deadline for filing a proof of claim in this case is January 30, 2024.***

*2. What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is impaired under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 17 of 47

*3. Those **Not** Entitled to Vote*

The holders of the following five types of claims and equity interests are not entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;
- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.
- holders of claims or equity interests in unimpaired classes;
- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and
- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;
- administrative expenses.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan [and to the Adequacy of the Disclosure Statement].***

*4. Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

**B. Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed later.

*1. Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan. A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 18 of 47

*2. Treatment of Non-accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a) (8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

**C. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as **Exhibit C**.

**D. Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

*1. Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand (from the Sale of the Property) on the Effective Date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the Effective Date of the Plan and the sources of that cash are attached to this disclosure statement as **Exhibit D.**

*2. Ability to Make Future Plan Payments and Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments. The Plan Proponent has provided projected financial information. Those projections are listed in **Exhibit E**.

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, of: **Not applicable as this is a Refi / Sale Plan and all claims shall be paid in full upon the refinance**

**<u>or sale of the Property</u>**. (You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.)

## V. EFFECT OF CONFIRMATION OF PLAN

### A. DISCHARGE OF DEBTOR

On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B). After the effective date of the Plan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

### B. Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan. The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

### C. Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

## VI. OTHER PLAN PROVISIONS

None.

RESPECTFULLY SUBMITTED,

Dated: December 18, 2023

*<u>/s/ Ronald Scott Hanks</u>*
RONALD SCOTT HANKS (Principal of the Debtor)

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 20 of 47

**Exhibit A - Copy of Proposed Plan of Reorganization**

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 21 of 47

# United States Bankruptcy Court
Northern District of California

In re: MIRAFLORES COMMUNITY DEVCO, LLC, Case No. 23-41241 SLJ
Debtor

Small Business Case under Chapter 11

## **MIRAFLORES COMMUNITY DEVCO, LLC'S, PLAN OF REORGANIZATION, DATED December 16, 2023**

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of MIRAFLORES COMMUNITY DEVCO, LLC, (the "Debtor") from the sale of Debtor's real property located at 406 Redwood Highway, Cave Junction, OR 97523 (the "Property").

This Plan provides for **5 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders**. Unsecured creditors holding allowed claims will receive distributions which the Proponent of this Plan has valued at **100 cents** on the dollar. This Plan also provides for the payment of administrative and priority claims in full upon the sale of Debtor's Property located at

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 **Unclassified Claims.**

1. Administrative Claims
2. Priority Tax Claims Under Section 507(a)(8)
3. Priority Unsecured Claims (Sections other than 507(a)(8))

2.02 **Class 1.** The claim of *see below*to the extent allowed as a secured claim under §506 of the Code.

Class 1A ARTES CAPITAL (1st Lien)
Class 1B GF Capital (2nd Lien)
Class 1C Tom He[illegible] (3rd Lien)
Class 1D Contra Costa Cty. Assr's Offc. (Secured Prop. Taxes)

                Class 1E City of Richmond (Code violations)

2.03 **Class 2.** All General Unsecured Claims.
2.04 **Class 3.** Equity interests of the Debtor

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS**

3.01 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.02 Priority Tax Claims. Each holder of a priority tax claim will be paid pursuant to the requirements of the Code, which is the present value of said claim, in regular installments paid over a period of time not to exceed 5 years from the order of relief aka petition date. As for Sections other than 507(a)(8), they shall receive cash on the effective date of the Plan equal to the allowed amount of such claim unless they agree otherwise.

3.03 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**ARTICLE**
**IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01 Claims and interests shall be treated as follows under this Plan:

**A. CLASS 1 SECURED AND IMPAIRED CLAIMS**

| Class | Name of Creditor | Collateral | Value of Collateral | Monthly Payment |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 1A | ARTES CAPITAL<br><br>2829 Townsgate Road, Suite 100 Westlake Village, CA 91361<br><br>(1ST LIEN)<br><br>(No POC yet)<br>**(Balance: ~$7,464,149.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
| 1B | GF Capital<br>2922 Daimler Street Santa Ana, CA 92705<br><br>(2ND LIEN)<br>(No POC yet)<br>**(Balance: ~$1,500,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
| 1C | TOM HE<br>2051 Junction Avenue, Suite 237<br>San Jose, CA 95131<br><br>(3RD LIEN)<br>(No POC yet)<br>**(Balance: ~$1,000,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
| 1D | Contra Costa County Assessors Office<br>P.O. Box 631<br>Fairfield, CA 94533<br><br>(Property Taxes)<br>(No POC yet)<br>**(Balance: ~$194,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |

| 1E | City of Richmond Assessors Office P.O. Box 631 Fairfield, CA 94533<br><br>(Code violations) (No POC yet) **(Balance: ~$15,000.00)** | The "Property" | $20,000,000.00 | Claim to be paid in full upon refi or sale of Property |
|---|---|---|---|---|
| TOTAL(S) | **$10,173,149.00** | | $8,827,000.00 | Claim to be paid in full upon refi or sale of Property |

**B. CLASS 2 GENERAL UNSECURED AND IMPAIRED CLAIMS**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Baumgardner Holdings, Ltd. 4517 Colbath Avenue, Unit 8 Sherman Oaks, CA 91423<br><br>(Artes Loan Broker Fee) | $137,000.00 | N | $137,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Berlogar Stevens & Associates 1220 Quarry Lane, Suite C Pleasanton, CA 94566<br><br>(Consulting Fees) | $4,130.00 | N | $4,130.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Carlson Barbee & Gibson 2633 Camino Ramon, Suite 350 San Ramon, CA 94583<br><br>(Project Engineering) | $118,594.00 | N | $118,594.00 | $0.00 (to be paid in full upon refi or sale of Property) |

| | | | | |
|---|---|---|---|---|
| DC Contruction, Inc.<br>1068 44th Avenue<br>Oakland, CA 94601<br><br>(Pre Construction Estimate) | $37,229.00 | N | $37,229.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Gouvis Engineering Consulting Group, Inc 15 Studebaker Irvine, CA 92618<br><br>(Consulting Fees) | $18,300.00 | N | $18,300.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| IDS Engineering<br>6280 W. Las Positas Blvd.<br>Pleasanton, CA 94588<br><br>(Structural Engineering) | $74,087.00 | N | $74,087.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Kenneth Alan Kramer, Esq.<br>2067 Oak Creek Place<br>Hayward, CA 94541<br><br>(BRE / DRE Attorney Fees) | $3,250.00 | N | $3,250.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| PES Environmental<br>7665 Redwood Blvd.<br>Novato, CA 94945<br><br>(Engineering Fees) | $2,544.00 | N | $2,544.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Queensland Builders<br>1510 Fashion Island Blvd., Suite 201, San Mateo, CA 94404<br><br>(Entitlement Loan) | $1,200,000.00 | N | $1,200,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Rong Chang USA Corporation 2050 Concourse Drive, Suite 50 San Jose, CA 95131<br><br>(Consulting Fees) | $300,000.00 | N | $300,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |

| | | | | |
|---|---|---|---|---|
| RV Stitch, 769 S. 13th Street Richmond, CA 94804<br><br>(Contractor Fees) | $10,162.00 | N | $10,162.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| SDC, Inc.<br>111 Gate Tree Court<br>Danville, CA 94526<br><br>(Entitlement Consultant) | $459,795.00 | N | $459,795.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Tom He & Group<br>2051 Junction Avenue, Suite 237 San Jose, CA 95131<br><br>(Business Loan) | $5,000,000.00 | N | $5,000,000.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| Vallier Design Associates<br>210 Washington Avenue, G Point Richmond, CA 94801 | $33,045.00 | N | $33,045.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION<br>MS A340 PO BOX 2952<br>SACRAMENTO CA 95812<br><br>**(POC # 2)** | $3,195.89 | N | $3,195.89 | $0.00 (to be paid in full upon refi or sale of Property) |
| IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br><br>**(POC # 1)** | $700.00 | N | $700.00 | $0.00 (to be paid in full upon refi or sale of Property) |
| **TOTAL(S)** | $7,402,031.89 | N | $7,402,031.89 | $0.00 (to be paid in full upon refi or sale of Property) |

**C. CLASS 3 EQUITY SECURITY HOLDERS**

| | | |
|---|---|---|
| Equity Security Holders of the Debtor | Unimpaired | Pursuant to the agreement between the parties, but a likely split of the net equity after a sale / project completion |

**ARTICLE V**
**ALLOWANCE AND DISALLOWANCE OF CLAIMS**

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARTICLE VI**
**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**N/A**

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of the Plan: **NONE.**

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan.

**ARTICLE VII**
**MEANS FOR IMPLEMENTATION OF THE PLAN**

7.01 Means for Implementation. Debtor will refinance **or** sell the above collateral by **June 1, 2024**, paying the above secured creditors from the proceeds of the sale. **Debtor will file a motion for approval of any such sale on 28 days' notice to lien holders unless the Plan is confirmed prior to the sale. In that case, the Debtor will provide the title company handling the transaction a copy of the Plan and the confirmation order to allow the transaction to close without a Motion.**

**ARTICLE VIII**
**GENERAL PROVISIONS**

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: **NONE.**

8.02 Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 Corporate Governance. The Debtor is a corporation and the Articles of the Corporation have been affixed to the Disclosure Statement as an Exhibit as required by § 1123(a)(6) of the Code.

**ARTICLE IX**
**NO DISCHARGE OF DEBTOR**

9.01 No Discharge. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

**ARTICLE X**
**OTHER PROVISIONS**

**NONE**

Dated: December 18, 2023

Respectfully submitted,

*By:* *__/s/ Ronald Scott Hanks____________________*
The Plan Proponent

*By:* *__/s/ Arasto Farsad_________________________*
Attorney for the Plan Proponent

**Exhibit B – Most recently Filed Post-Petition Operating Report**

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 31 of 47

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| In Re. MIRAFLORE COMMUNITY DEVCO, LLC | § | Case No. 23-41241 |
|---|---|---|
| | § | |
| | § | |
| Debtor(s) | § | ☐ Jointly Administered |

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 10/31/2023

Petition Date: 09/27/2023

Months Pending: 1

Industry Classification: 0 0 0 0

Reporting Method: Accrual Basis ◯ Cash Basis ◉

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☐ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

SCOTT HANKS
Signature of Responsible Party

11/20/2023
Date

SCOTT HANKS
Printed Name of Responsible Party

2478 Washington Avr., San Leandro, CA 94577
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name MIRAFLORE COMMUNITY DEVCO, LLC Case No. 23-41241

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b-c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status<br>(Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory ( Book ○ Market ○ Other ◉ (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations)<br>(Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

Debtor's Name MIRAFLORE COMMUNITY DEVCO, LLC Case No. 23-41241

## Part 5: Professional Fees and Expenses

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

| Part 6: Postpetition Taxes | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | Question | | Answer |
|---|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | | Yes ◯ No ◉ |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | | Yes ◯ No ◉ |
| c. | Were any payments made to or on behalf of insiders? | | Yes ◯ No ◉ |
| d. | Are you current on postpetition tax return filings? | | Yes ◉ No ◯ |
| e. | Are you current on postpetition estimated tax payments? | | Yes ◉ No ◯ |
| f. | Were all trust fund taxes remitted on a current basis? | | Yes ◉ No ◯ |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | | Yes ◯ No ◉ |
| h. | Were all payments made to or on behalf of professionals approved by the court? | | Yes ◉ No ◯ N/A ◯ |
| i. | Do you have: | Worker's compensation insurance? | Yes ◯ No ◉ |
| | | If yes, are your premiums current? | Yes ◯ No ◯ N/A ◉ (if no, see Instructions) |
| | | Casualty/property insurance? | Yes ◉ No ◯ |
| | | If yes, are your premiums current? | Yes ◉ No ◯ N/A ◯ (if no, see Instructions) |
| | | General liability insurance? | Yes ◉ No ◯ |
| | | If yes, are your premiums current? | Yes ◉ No ◯ N/A ◯ (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | | Yes ◯ No ◉ |
| k. | Has a disclosure statement been filed with the court? | | Yes ◯ No ◉ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | | Yes ◉ No ◯ |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ◉ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| Scott Hanks | Scott Hanks |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Debtor-in-Possession | 11/20/2023 |
| Title | Date |



PageOnePartOne



PageOnePartTwo



PageTwoPartOne



PageTwoPartTwo

Debtor's Name MIRAFLORE COMMUNITY DEVCO, LLC Case No. 23-41241

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

UST Form 11-MOR (12/01/2021)



Debtor's Name MIRAFLORE COMMUNITY DEVCO, LLC Case No. 23-41241

PageThree

PageFour

UST Form 11-MOR (12/01/2021) 12

<u>**Exhibit C – Liquidation Analysis**</u>

**Plan Proponent's Estimated Liquidation Value of Assets**

| | |
|---|---|
| **a. Cash on Hand** | **$0.00** |
| **b. Accounts Receivable** | **$0.00** |
| **c. Inventory** | **$0.00** |
| **d. Office furniture and Equipment** | **$0.00** |
| **e. Machinery & equipment** | **$0.00** |
| **f. Automobiles** | **$0.00** |
| **g. Building and Land** | **$20,000,000.00** |
| **h. Customer List** | **N/A** |
| **i. Investment Property (such as stocks, bonds or other financial assets)** | **N/A** |
| **j. Lawsuits or other claims against third parties** | **N/A** |
| **k. Other intangibles (such as avoiding action powers)** | **N/A** |
| **Total Assets at Liquidation Value** | **$20,000,000.00** |

| | |
|---|---|
| **Less:** | |
| Closing costs/Commission | **($600,000.00) (3% total)** |
| **Subtotal:** | $19,400,000.00 |
| **Less:** | |
| Secured Creditors' Recoveries | **(<u>$10,173,149.00</u>)** |
| **Subtotal:** | $9,226,851.00 |
| **Less:** | |
| Unsecured claims | **($7,402,031.89)** |
| **Subtotal:** | $1,824,819.11 |
| **Less:** | |
| Capital gains taxes at 20% for long term capital gains | **($364,963.82)** |
| **Subtotal:** | $1,459,855.29 |
| **Less:** | |
| Chapter 7 Trustee Fees and Expenses | **($85,000.00)** |
| **Subtotal:** | $1,374,855.29 |
| **Less:** | |
| Chapter 11 Administrative Expenses | **($10,000.00)** |
| ***$30K, but $20K in the law office operational account** | |
| **Subtotal:** | $1,364,855.29 |
| **Less:** | |
| Priority claims, excluding administrative expense claims | **($3,436.85)** |
| **NET TO DEBTOR'S PRINCIPAL =** | **$1,361,418.44** |

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 44 of 47

**Percentage of Claims Which Unsecured Creditors Will Receive or Retain under the Plan: <u>100%.</u>**

**Percentage of Claims Which Unsecured Creditors Will Receive or Retain under a Liquidation Analysis: <u>100%.</u>**

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 45 of 47

## Exhibit D – Cash on hand on the effective date of the Plan

**N/A**

**Cash on hand on effective date of the Plan:** ____________________

**Less:**

Amount of administrative expenses payable _________
On Effective Date

Amount of statutory costs and charges

Amount of cure payments for executory contracts

Other Plan Payments due on effective date of the Plan

Balance after paying these amounts:

The sources of the cash Debtor will have on hand by the effective date of the Plan are estimated as follows:

Cash in DIP account as of ______- ____________

Additional cash Debtor will anticipate Accumulate from net earnings between now and effective date of the Plan and basis for these projections are as follows:

____________________________

Borrowing (terms of repayment: N/A)

Capital Contributions

Other

Total: ______________________

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 46 of 47

**Exhibit E – Projections as Flow and Earnings for Post-Confirmation Period**

**N/A**

Case: 23-41241 Doc# 62 Filed: 12/18/23 Entered: 12/18/23 15:09:45 Page 47 of 47